UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, A Married Woman Dealing With Her Sole And Separate Claim,<br><br>                      Plaintiff,<br><br>v.<br><br>PACIFIC GATEWAY LTD., LP, a California limited partnership d/b/a MARRIOT MARQUIS SAN DIEGO MARINA,<br><br>                      Defendant. | Case No.: 3:17-CV-0796-CAB-(WVG)<br><br>**DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

After reviewing the complaint in this matter, the Court was not satisfied that it has subject matter jurisdiction over this dispute. Accordingly, on April 20, 2017, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Doc. No. 3.] On April 26, 2017, Plaintiff filed her response to the Order to Show Cause ("OSC") [Doc. No. 4.] Plaintiff's response failed to quell the concerns identified in the Court's OSC.

Plaintiff's response to the OSC proclaims that Plaintiff is a professional tester hunting for ADA violations. [Doc. No. 4 at 1, 4.] In essence, Plaintiff is contending that as a disabled person, all she needs for standing to sue a hotel for ADA violations is to call

the hotel to inquire about ADA accessibility features and have someone else confirm in person that the hotel is not compliant.  This Court remains unaware of any binding authority regarding the triggering of the deterrent effect doctrine by the "call and confirm method."  For example in both *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002)[1] and *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008)[2], plaintiffs' actual knowledge of at least one of the non-complaint barriers came though their own percipient, personal encounters with the barriers and were not simply being reported by an independent agent.  Neither of these cases stands for the proposition that an ADA plaintiff has standing if she is deterred from visiting a noncompliant place of public accommodation even if she has never visited that accommodation.  *See also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949-950 (9th Cir. 2011)[3] (even under the deterrent effect doctrine an ADA plaintiff must have encountered the barriers to have an "injury-in-fact").  Furthermore, Plaintiff's offer to "drive to San Diego tomorrow (or whenever the Court grants leave to amend), go to Defendant's Jacuzzi, hop out of her wheelchair, and attempt the impossible of accessing Defendant's Jacuzzi," [Doc. No. 4 -1 at 4:22-5:3], so she can personally encounter the barrier appears to this Court to be an attempt to make an end run around this standing requirement.

---

[1] In *Pickern*, the plaintiff testified in a deposition that the defendant's grocery stores were his favorite and his first choice for groceries, and that although the allegedly non-compliant store in question was located 70 miles from the plaintiff's hometown, Plaintiff visited that area almost every week to see his grandmother.  *Pickern*, 293 F.3d at 1135

[2] In *Doran*, although the store in question was 550 miles from the plaintiff's home, the plaintiff had visited the store on ten to twenty prior occasions and asserted that he planned to visit Anaheim, where the store was located, at least once a year on annual trips to Disneyland.

[3] In *Chapman*, the plaintiff sued for barriers he personally encountered during a visit to the accommodation and those that were separately identified by an expert.  The Court characterized the deterrent effect doctrine as "an ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation as is therefore likely to reencounter a discriminatory architectural barrier.  Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a non-compliant accommodation. . . That is, an ADA plaintiff suffers an injury-in-fact either because discriminatory architectural barriers deter him from returning to a facility or because they "otherwise interfere with his access" to the facility.  *Chapman,* 631 F.3d at 950.

Moreover, Plaintiff's response does not establish the imminent injury required for standing to seek injunctive relief. The Hotel in question is hundreds of miles from Plaintiff's residence, and Plaintiff has never patronized the Hotel. Similar ADA cases filed by Plaintiff in this district were also before this Court that were ultimately dismissed. In the orders of dismissal the Court conducted a thorough analysis of the imminent injury issue which are equally applicable here. *See Theresa Brooke v. Gloriett Bay Inn*, L.L.C, Case No.: 15-CV-2854-CAB-BGS, Doc. No. 8; *Theresa Brooke v. Inn At Sunset Cliffs*, LLC, Case No.: 15-CV-2857-CAB-BGS, Doc. No. 9; *Theresa Brooke v. Otay Hosptiality, Inc.*, Case No.: 16-CV-309-CAB-KSC, Doc. No 6; *Theresa Brooke v. Excel Hotel Group, Inc.,* Case No.: 16-cv-323-CAB-KSA, Doc. No. 6. Here, Plaintiff has failed to provide the Court with specific evidence necessary to establish Plaintiff has suffered an imminent injury. Rather, Plaintiff simply vaguely alleges that she intends to travel to San Diego on business or pleasure sometime in the coming months. [Doc. No. 1 ¶¶ 29, 30]. Moreover, despite the opportunity to demonstrate her travel history to San Diego or at least that she has specific trips planned for the near future, Plaintiff simply states that "as a professional tester . . . I am willing to visit the hotel at issue if the Court grants leave to amend the Complaint and I am willing to book a room for a date six months from now. I often go to Southern California as a tester but have no current set date when I will go. I could go tomorrow or a month from now. I *do* go on a consistent basis though." [Doc. No. 4-1 ¶12] (emphasis in original). The Court does not interpret these statements as establishing Plaintiff's intent to visit the Hotel, to the contrary, they establish that when Plaintiff called the Hotel she never intended to visit San Diego or stay at the Hotel and that she does have any concrete plans to visit San Diego in the future.

Accordingly, the Court concludes that Plaintiff has failed to provide with specific evidence necessary to establish Plaintiff's concrete plans to visit San Diego in the future and that she would stay in the Hotel if not for the accessibility issues. Whatever speculative likelihood exists that Plaintiff may some day return to San Diego is insufficient to confer standing upon her to sue the Hotel. *See, e.g., Johnson v. Overlook at Blue Ravine, LLC,*

No 2:10-CV-2387 JAM-DAD, 2012 WL 2993890, at *3-4 (E.D. Cal. Jul. 20, 2012) (holding that the plaintiff lacked standing where the apartment complex in question was only fifteen miles from the plaintiff's residence because the plaintiff had no specific plans to return to the complex and presented no evidence of any ties to the complex or the town in which it was located); *Luu v. Ramparts, Inc.*, 926 F.Supp. 2d 1178, 1182-84 (D. Nev. 2013) (distinguishing *Pickern* and holding that the plaintiff lacked standing because he failed to present any evidence of a specific intent to return to the Luxor hotel in Las Vegas and did not demonstrate that he prefers the Luxor or that it was the most convenient hotel and casino location for him).

In sum, the Court finds Plaintiff reliance on a telephone call and report of an independent agent insufficient to confer standing. Furthermore, despite being given the opportunity by the Court, Plaintiff has not demonstrated any likelihood of returning to San Diego, let alone explained why, if Plaintiff were to return to San Diego, she would choose to stay in this Hotel over all others but for the accessibility issues related to its Jacuzzi. As a result, Plaintiff has not shown a "real and immediate threat of repeated injury in the future" (*Chapman*, 631 F.3d at 946), that would be cured by injunctive relief Plaintiff seeks here. Accordingly, Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE**.

Plaintiff's ADA claim was the only claim over which Plaintiff alleged the Court had original subject matter jurisdiction. In light of the dismissal of the ADA claim on jurisdictional grounds, the Court does not have discretion to retain supplemental jurisdiction over Plaintiff's state-law claims and must dismiss them. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). Accordingly, Plaintiff's remaining state law

//
//
//

1 claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing such claims in state court.  This case is **CLOSED**.

   It is **SO ORDERED**.

Dated:  May 9, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge